**Leon GRADSKY and Norman Gradsky,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 20632.

United States Court of Appeals
Fifth Circuit.

March 11, 1965.

Rehearing Denied April 9 and 15, 1965.

Milton E. Grusmark, Miami Beach, Fla., E. David Rosen, Claude L. Eichel, Miami, Fla., for appellants.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., William A. Meadows, Jr., U. S. Atty., Mahlon M. Frankhauser, Asst. Director, Donald R. Jolliffe, Atty., Securities and Exchange Commission, Washington, D. C., of counsel, for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and GROOMS, District Judge.

PER CURIAM.

 The principal basis for the appeals of these separate appellants is the contention that the government failed to prove a single conspiracy in which the two brothers were conspirators, and that thus the testimony as to the declarations of the one were improperly considered by the jury as binding on the other. Norman Gradsky practically concedes on this appeal, as is fully warranted by the record, that he was guilty of a fraudulent scheme in the setting up of National Auto Brokers, which created fictitious automobile accounts which it sold through Miracle Loan Company to Intercity Finance Company, of which Leon Gradsky was manager. He says that there was no proof that his brother, Leon, knew of the fictitious nature of the automobile paper which Intercity Finance Company represented to its "investers" secured their loans to the company. We conclude that the glaring falsity of the representations made by Intercity as to the nature of the investment it was then offering to the public warrants a finding by the jury that there was full knowledge by the general manager of Intercity of the facts which caused these representations by him to be false. There was sufficient nexus between the corporation primarily operated by Norman and that operated by Leon to warrant submission to the jury of the question whether both brothers were consciously engaged in the same fraudulent scheme.

██ None of the legal points raised by appellants here may be noted because no motion touching on them was made in the trial court. None of them is of such a nature that substantial justice requires this Court's taking cognizance of them under the plain error rule.

The judgments are affirmed.