**Leon ADJMI, Erwin Cohen, Joseph Adjmi and Charles Adjmi, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 21186.**

United States Court of Appeals
Fifth Circuit.

March 31, 1965.

Rehearing Denied May 13, 1965.

Jacob Kossman, Philadelphia, Pa., Frank Ragano, Tampa, Fla., for appellants.

Arnold D. Levine, Sp. Asst. U. S. Atty., Middle Dist. of Fla., Tampa, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and GROOMS and McRAE, District Judges.

**PER CURIAM:**

Appellants were convicted for violations of the mail fraud statute, Title 18 U.S.C. § 1341, and for conspiracy to violate said statute, Title 18 U.S.C. § 371.

Five specifications of error are advanced, including the insufficiency of the evidence as to Charles and Leon Adjmi, and alleged error in the court's oral charge.

A review of the record discloses sufficient evidence to warrant submission of the case as to Leon Adjmi. The record, however, fails to reveal sufficient evidence to warrant submission as to Charles Adjmi.

In the course of the oral charge the court instructed the jury as follows:

"I am charging you and instructing you that the indictment of the case is no evidence whatsoever of the guilt of the accused. It is a mere formal charge. While it will be in your hands for memorandum purposes while you deliberate, you are not to consider it as evidence at all. As I said, the indictment was returned by a Grand Jury, but the Grand Jury heard evidence on only one side of the case. The view of the Grand Jury was that if the same evidence which was before the Grand Jury was repeated at the trial, unless it is repudiated in some way or overcome in some way, the defendant ought to be convicted. So it is upon that theory that the Grand Jury returned an indictment."

In the further course of the charge the court stated:

"[T]he defendants did not take the witness stand. The law protects them on that question. They don't have to take the witness stand and the jury should draw no adverse inferences from the fact that they did not take the stand. That is their

right and their counsel has a right so to advise them, and the jury should not be influenced in any way by the fact that they did not testify. The responsibility is upon the Government to prove the averments of the indictment to your satisfaction beyond a reasonable doubt, as I have defined reasonable doubt, and heretofore instructed you." [1]

After counsel for the prosecution directed the court's attention to that part of its charge first quoted, the court withdrew same, saying:

"I think it is proper for me to withdraw that statement. I said the Grand Jury, while they only heard only one set of circumstances, from what they heard they decided that if that evidence was not refuted, the defendants ought to be convicted. I withdraw that, because the rule is the defendants, *if they testify at all,* they don't have to rebut anything. It is for the jury to determine from all the evidence whether they are guilty or innocent." (Emphasis supplied)

Appellants contend that the alleged error was compounded in the attempt to withdraw the initial statement. We do not concur in this contention, especially in view of the court's further instruction:

"A reasonable doubt may arise, not only from the evidence produced but also from a lack of evidence. Since the burden is upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crime charged, a defendant has the right to rely upon failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross examination of witnesses for the prosecution. *The law does not impose upon a defendant the*

1. See Gradsky et al. v. United States, 5 Cir., 342 F.2d 426, decided March 11, 1965, involving like instructions given by the same judge, where this Court stated that if there had been any implication from that part of the charge first quoted that there was an obligation on the defendants to take the witness stand it was completely answered by this further instruction.

*duty of producing any evidence."* (Emphasis supplied)

 Without placing a stamp of approval on the challenged portion of the charge, we conclude that the charge when construed as a whole did not imply that there was any obligation upon the defendants to take the witness stand, did not misplace the burden of proof, and presents no prejudicial error.

We find no error in the other specifications.

The judgments are affirmed as to all defendants, except Charles Adjmi, and are reversed as to Charles Adjmi. The trial court is directed to vacate its judgment of guilty as to Charles Adjmi and to acquit said defendant.

Affirmed in part and reversed in part, and remanded to the District Court for proceedings consistent herewith.